IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| AMBER CHRISTIAN,<br><br>Plaintiff,<br><br>-against-<br><br>PENTAGON FEDERAL CREDIT UNION, PAR NORTH AMERICA, and INTERNATIONAL RECOVERY SYSTEMS OF PA, LLC,<br><br>Defendants. | Civil Case Number:<br><br>CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff AMBER CHRISTIAN ("Plaintiff"), a Pennsylvania resident, brings this Complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant PENTAGON FEDERAL CREDIT UNION, Defendant PAR NORTH AMERICA, and Defendant INTERNATIONAL RECOVERY SYSTEMS OF PA, LLC (collectively, "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants unlawfully repossessed her vehicle even though they did not have an enforceable security interest in her vehicle, thereby violating 13 Pa. C.S.A. § 9609. Plaintiff also brings a claim for wrongful repossession in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, punitive damages and actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Chester County, Pennsylvania, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant PENTAGON FEDERAL CREDIT UNION ("PenFed"), is, and at all relevant times was, an auto lender headquartered in Virginia that conducts a substantial amount of business in Pennsylvania.

7. Defendant PAR North America, ("PAR"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Carmel, Indiana.

8. Upon information and belief, Defendant PAR is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9. For purposes of 15 U.S.C. § 1692f(6), Defendant PAR is a "debt collector," as defined under the FDCPA at 15 U.S.C. § 1692a(6).

10. Defendant International Recovery Systems of PA, LLC ("IRS") is a repossession company headquartered in Kennett Square, Pennsylvania.

11. Upon information and belief, Defendant IRS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant IRS is a "debt collector," as defined under the FDCPA at 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. Plaintiff owns a 2021 Jeep Compass (the "Vehicle"), which she purchased with an automobile loan financed through Citadel Credit Union.

15. Plaintiff purchased and used the Vehicle for her personal use and enjoyment.

16. While the vehicle was owned by the Plaintiff, no liens have been recorded against the title other than the Citadel Credit Union loan.

17. Plaintiff has never been aware of any other liens or financing secured by the Vehicle, other than the Citadel Credit Union loan.

18. Upon information and belief, however, and unbeknownst to Plaintiff, Defendant PenFed claims that it is owed money on an auto loan, which is supposedly secured by a security interest in the Vehicle.

19. The money allegedly owed on this auto loan is a consumer 'debt' as that term is used and defined in 15 U.S.C. § 1692a(5).

20. As a result, PenFed apparently contracted with Defendant PAR to repossess the Plaintiff's vehicle.

21. Upon information and belief, PAR does not perform any repossessions itself in Pennsylvania, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact known to PenFed.

22. Upon information and belief, after being contracted by PenFed to repossess the Plaintiff's vehicle, PAR arranged for Defendant IRS to carry out the actual repossession.

23. On or about August 11, 2025, Plaintiff returned to where she had lawfully parked her

vehicle in Coatesville, only to discover that it was gone.

24. Believing the Vehicle to be stolen, Plaintiff contacted the police to report the Vehicle as stolen.

25. Responding officers informed Plaintiff that the Vehicle was repossessed by IRS.

26. Plaintiff then called Citadel Credit Union, who confirmed that the repossession had nothing to do with her account, which was in good standing, and that Citadel Credit Union had not authorized any repossession.

27. IRS contacted Plaintiff and Citadel Credit Union and confirmed it had repossessed the wrong vehicle.

28. Later that day, Plaintiff retrieved her Vehicle from IRS, and the Vehicle had been damaged from the repossession.

29. As a result of the Defendants' actions, Plaintiff experienced additional financial and personal hardship.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against PAR and IRS)**

30. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Plaintiff brings this Count against Defendants PAR and IRS.

32. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

33. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property

if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

34. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiff's vehicle, but they seized the Vehicle anyway and held it for a period of time.

35. Furthermore, because Defendants did not have an enforceable security interest in the Vehicle, the Vehicle was clearly exempt by law from dispossession.

36. As a result, Defendants PAR and IRS violated 15 USC § 1692f(6) when they repossessed Plaintiff's vehicle.

37. By illegally repossessing Plaintiff's vehicle in violation of the FDCPA, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

38. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in having to regain possession of the Vehicle and by depriving her of her possessions.

39. By reason thereof, Defendants PAR and IRS are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**13 Pa. C.S.A. § 9609** *et seq.*

**(Against All Defendants)**

40. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

41. Plaintiff brings this Count against all Defendants.

42. Pennsylvania only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. 13 Pa. C.S.A. § 9609.

43. At the time of the repossession, Defendants did not have an enforceable security interest in Plaintiff's vehicle, but they seized the Vehicle anyway and held it for a period of time.

44. As a direct and proximate result of Defendants' illegal repossession, Plaintiff suffered damages, including the loss of use of the Vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

45. By illegally repossessing Plaintiff's vehicle in violation of 13 Pa. C.S.A. § 9609, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

46. Defendants' illegal activity also harmed Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in having to regain possession of the Vehicle, and by depriving her of her possessions.

## COUNT III

**CONVERSION**
**(Against All Defendants)**

47. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Plaintiff brings this Count against all Defendants.

49. As set forth above, each of the Defendants wrongfully repossessed Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of her own vehicle.

50. Defendants then held Plaintiff's vehicle for a period of time, thereby exercising control over the Plaintiff's property.

51. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by wrongfully taking and holding her vehicle.

52. Defendants further harmed the Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and possessions, in causing Plaintiff to waste time in trying to recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

53. Defendants' illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, anger, anxiety, emotional distress, frustration and embarrassment.

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   awarding Plaintiff actual damages incurred, as well as punitive damages;

(b)   awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)   Awarding pre-judgment interest and post-judgment interest; and

(d)   Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 25, 2026

/s/ Ari H. Marcus
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*